IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FERNANDO RAMOS-MEZA,

                      Petitioner,

   v.

WARDEN E. EMMERICH,

                   Respondent.

OPINION and ORDER

25-cv-978-jdp

---

Fernando Ramos-Meza, an inmate at FCI-Oxford who is proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply First Step Act time credits that he says would entitle him to immediate early release. But Ramos-Meza is the subject of a final order of removal, which disqualifies him from applying those time credits toward early release. I will deny his petition.

ANALYSIS

Ramos-Meza is a Mexican citizen who has been removed from the United States in both 2011 and 2012. Ramos-Meza is currently serving a sentence for conspiracy to distribute methamphetamine; with his good-time credits, he is currently scheduled for placement on supervised release in March 2027. He has accrued enough First Step Act time credits to move that placement up by a year. But the BOP won't apply those credits.

When Ramos-Meza filed this habeas petition, he said that United States Immigration and Customs Enforcement had lodged an immigration detainer against him because he is the subject of a final order of deportation, but that he was still litigating his request for asylum status, and that he was subject only to the detainer. During the pendency of this petition, the

Department of Homeland Security reinstated the 2011 order of removal. Dkt. 10-8. That means that the BOP cannot now apply his First Step Act credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws"); *Altamirano v. Emmerich*, No. 25-cv-575-jdp, 2025 WL 3251106, at *1 (W.D. Wis. Nov. 21, 2025) ("the plain language of the First Step Act precludes application of earned credits once a final order of removal is reinstated, even after a habeas petition was filed.").

Ramos-Meza argues that the 2011 final order of removal cannot stop the BOP from applying his time credits because he is litigating a request for asylum status. But his removal order remains in effect unless he prevails in proceedings before the immigration courts or a court of appeals. *Orji v. Warden, FCI Oxford*, No. 24-cv-300-jdp, 2026 WL 194517, at *2 (W.D. Wis. Jan. 26, 2026). And he can't challenge the validity of his removal order in this district court. *See* 8 U.S.C. § 1252(a)(5) (generally, only the court of appeals has jurisdiction to review final orders of removal). So I will deny his habeas petition.

## ORDER

IT IS ORDERED that:

1. Petitioner Fernando Ramos-Meza's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered April 13, 2026.

BY THE COURT:

/s/_____
JAMES D. PETERSON
District Judge